**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
23564 Calabasas Road, Suite 104
Calabasas, California 91302
Voice and Fax: (888) 822-4340
Email: Lew@Landaunet.com

[Proposed] Attorney for Debtor and
Debtor in Possession

FILED & ENTERED

JAN 13 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY natan    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Nurses in Partnership, Inc.,<br><br>           Debtor.<br><br><br><br><br><br>Debtor's EIN: 35-2182319<br>Address: 22144 Clarendon Street, Suite 100<br>          Woodland Hills, CA 91367 | Case No.: 1:11-bk-10200 MT<br><br>Chapter 11<br><br>**INTERIM ORDER APPROVING POST-PETITION FINANCING AGREEMENT, (B) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE TREATMENT, AND (C) MODIFYING AUTOMATIC STAY, PURSUANT TO SECTIONS 362 AND 364 OF THE BANKRUPTCY CODE**<br><br>Date:     January 13, 2011<br>Time:    9:00 a.m.<br>Place:   Courtroom 302; Judge Tighe<br>          United States Bankruptcy Court<br>          21041 Burbank Blvd.; 3rd Floor<br>          Woodland Hills, California 91367 |

THIS MATTER, having come regularly before the undersigned upon the motion of Nurses in Partnership Inc. (the "Debtor") for approval of post-petition financing of the Debtor by Crestmark Bank ("Secured Party") and the granting of security interests under Section 364 of the Bankruptcy Code (the "Motion"), and it appearing that the immediate entry of this Order is essential to the continued orderly operation of the Debtor's business and is in the best interest of the Debtor and the Debtor's estate, the following findings of fact are made by the Court:

## I. FINDINGS OF FACT

1. On January 6, 2011 (the "Petition Date") the Debtor filed its voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code.

2. The Debtor and Secured Party are parties to the loan documents attached as Exhibit B to the Emergency First Day Motion (collectively, the "Pre-Petition Agreement"), pursuant to which the Debtor obtained financial accommodations from the Secured Party.

3. The Pre-Petition Agreement provides for advances by Secured Party to the Debtor, so long as such advances do not cause the ratio of the Debtor's obligations to Secured Party to the value (as determined in the Pre-Petition Agreement) of the Debtor's eligible (as determined in the Pre-Petition Agreement) accounts to exceed that set forth in the Pre-Petition Agreement (the "Formula").

4. As of the Petition Date, the Debtor was indebted to the Secured Party in the amount of at least $216,237.79 (the "Pre-Petition Obligation") secured by the collateral described in the Pre-Petition Agreement.

5. The Debtor has offered to assign its accounts to Secured Party under the Pre-Petition Agreement.

6. The Secured Party has agreed to continue to provide working capital to the Debtor in accordance with the Pre-Petition Agreement, as amended by a First Amendment to Demand Promissory Note attached as Exhibit A (the "Amendment") to the Emergency First Day Motion.

7. The Debtor, notwithstanding its efforts to do so, is unable to obtain unsecured credit allowable under 11 U.S.C. Section 503(b)(1) as an administrative expense, or other than pursuant to 11 U.S.C. Section 364(c)(2) and (3), and the Debtor is unable to obtain credit on terms equal to or more favorable than those proposed by Secured Party.

8. Secured Party has agreed to consider providing working capital to the Debtor in accordance with the Pre-Petition Agreement in good faith, within the meaning of 11 U.S.C. Section 364(e), and all interested parties were either notified of the Motion, as evidenced by the affidavit of service, or were present at this Court's hearing on the Motion.

9. Good cause exists for approval of the Debtor's agreement to the financing by Secured Party under the terms of the Pre-Petition Agreement, and the entry of this Order will minimize disruption of the Debtor as a "going concern" and is in the best interest of the Debtor, its creditors, and its estate. The terms upon which the Debtor is authorized to utilize cash advances are determined as fair under the circumstances.

10. The Debtor has provided written notice of the filing of the Motion to Secured Party, the United States Trustee, any Official Creditors' Committee appointed in this Case and its counsel, the twenty largest unsecured creditors of the Debtor, all of the Debtor's secured creditors, the Internal Revenue Service, and all parties who filed requests for notice as evidenced by the affidavit of service filed by the Debtor's counsel with this Court, which notice this Court finds to be appropriate and adequate under Federal Rules of Bankruptcy Procedure 2002 and 4001, and as required by Section 364 of the Bankruptcy Code.

11. The Debtor admits, without prejudice to the rights of an Official Committee of Unsecured Creditors and third parties to challenge same to the extent set forth below, that as of the Petition Date, in accordance with the Pre-Petition Agreement, the Debtor was indebted to the Secured Party, without defense, counterclaim, recoupment or setoff, in the aggregate amount of at least the Pre-Petition Obligation secured by a valid, enforceable and properly perfected first priority lien in the collateral described therein.

12. The Pre-Petition Agreement with Secured Party provides a vital source of working capital for the Debtor, is in the best interests of the Debtor and its estate, and is necessary to avoid immediate and irreparable harm.

## II. ORDER

Based on the foregoing Findings, it is now therefore ORDERED as follows:

1. All capitalized terms used in this Order, not otherwise defined herein and unless otherwise indicated, shall have the meaning given them in the Pre-Petition Agreement.

2. The Debtor is authorized, effective immediately, to assign any and all pre-petition or post-petition accounts to the Secured Party pursuant to Bankruptcy Code Section 363, pursuant to the terms of the Pre-Petition Agreement and Amendment, and to execute all documents and take all

actions to be executed and taken in connection with and in furtherance of all undertakings and obligations thereunder.

3. The Debtor is authorized to ratify, and is deemed to have so ratified, the Pre-Petition Agreement.

4. The Debtor is authorized and empowered to (i) assume the Pre-Petition Agreement, to enter into the Amendment, and (ii) incur secured indebtedness to Secured Party pursuant to this Order and the Pre-Petition Agreement in such amounts as needed in the ordinary course of its business and not for any purpose prohibited by law. Debtor's use of the proceeds of such indebtedness shall not affect the rights of Secured Party hereunder. Any transaction between the Debtor and Secured Party which Secured Party reasonably understands to be intended to be under the Pre-Petition Agreement shall represent such assumption of the Pre-Petition Agreement by Debtor.

5. Secured Party and Debtor may amend, modify, supplement, waive the provisions of and/or extend the term of the agreements contemplated herein without further order of the Court provided that same does not materially alter the provisions thereof.

6. Pursuant to Section 364(c)(2) and 364(d)(1) of the Bankruptcy Code, the Debtor may grant to Secured Party a security interest in the collateral as set forth in the Pre-Petition Agreement effective as of the date of the filing of the Bankruptcy Case ("Collateral") as collateral for all present and future obligations of the Debtor to Secured Party, including Secured Party's reasonable attorneys' fees and expenses incurred in connection with the negotiation documentation, closing and enforcement of the Pre-Petition Agreement and the protection of Secured Party's rights in this Bankruptcy Case (the "Obligations"). The Secured Party's security interest shall be senior to the claim of any entity now or hereafter claiming an interest in the Collateral. The Secured Party may but need not file an Initial Financing Statement under the Uniform Commercial Code to perfect its security interest in the Collateral.

7. In addition to the fees, costs, charges and expenses authorized under the Pre-Petition Agreement, the Debtor shall pay to the Secured Party on demand without application to the Court (but subject to review by the Official Committee of Unsecured Creditors or the U.S. Trustee,) Secured Party's reasonable attorneys fees and other professional fees arising from or related to the

transactions contemplated herein, including without limitation the negotiating, closing, documenting, and obtaining Court approval thereof, the enforcement of Secured Party's rights against Debtor.

8. The Obligations shall constitute a superpriority administrative expense claim under Section 364(c)(1) of the Bankruptcy Code, which shall be deemed allowed, without any further filing by Secured Party, and which shall have priority over any and all administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code, subject to a carve-out for fees and expenses of professionals not exceeding $10,000.

9. To the extent that the Debtor may become indebted to any governmental entity, whether for payroll or other taxes or otherwise, and said governmental entity is also an account debtor of the Debtor, the governmental entity's right of setoff, defense , counterclaim or recoupment, if any, shall be subordinate to the rights of Secured Party with respect to accounts owing to the Debtor which comprise a portion of the Collateral, and the governmental entity shall pay the amount owing on the account free of any claim of setoff or recoupment.

10. For administrative convenience, Secured Party may record the pre-petition transactions and the post-petition transactions arising under the Pre-Petition Agreement in one account, and apply payments on a "first in, first out" basis.

11. The liens granted to Secured Party herein are deemed validly granted, duly attached, and properly perfected, without the need of any additional actions being taken by or on behalf of Secured Party, including but not limited to, the filing or recording of Uniform Commercial Code financing statements; provided, however, that in the event Secured Party does make such a filing or recordation, the Debtor shall execute all documents required by Secured Party to do so.

12. Nothing in the Pre-Petition Agreement, or in any of the documents executed in connection therewith or this Order, shall require Secured Party to provide financial accommodations to the Debtor, such being in the sole discretion of Secured Party.

13. Secured Party is hereby afforded the protection of Section 364(e) of the Bankruptcy Code with regard to the reversal or modification on appeal of this Order, or to the modification, vacating, or other amendment of this Order by this Court.

14. The Debtor shall comply with all provisions of the Pre-Petition Agreement.

15. To the extent that any provision of the Pre-Petition Agreement shall cause the Debtor to be in default thereunder solely as a result of it being subject to the Bankruptcy Code or it being insolvent, said provisions are waived by Secured Party.

16. The Debtor shall not grant to any party any interest in the Collateral or priority in payment prior to or equal with the lien or priority in payment hereby being accorded to Secured Party.

17. The entry of this Order and execution, delivery, and performance under the Pre-Petition Agreement, or under any other documents executed in connection therewith, do not constitute a compromise, waiver, or other relinquishment of any right of Secured Party at law, in equity or otherwise, including, but not limited to, any right of Secured Party to request and to obtain relief under the Bankruptcy Code.

18. The automatic stay provisions of 11 U.S.C. Section 362 are lifted and terminated to enable Secured Party to implement the provisions of this Order and otherwise thereby to permit Secured Party to demand and receive collections on account of the Collateral, and to apply those collections to the Obligations. Notwithstanding the foregoing, the Secured Party is not hereby granted relief from the automatic stay to enforce any remedies against the Debtor that may be afforded under the Pre-Petition Agreement. In the event a Default occurs under the terms of the Pre-Petition Agreement, Secured Party shall have a right to notice an expedited hearing before this Court seeking such relief as may be deemed appropriate upon three days' notice to counsel for the Debtor; (ii) counsel for any statutory committee appointed herein or, alternatively, the twenty largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) the United States Attorneys Office.

19. The Debtor may not use any of Secured Party's "cash collateral" as such term is defined in the Bankruptcy Code. For the purposes of this Order, "cash collateral" shall not include funds advanced by the Secured Party to the Debtor. Accordingly any cash collateral heretofore received by the Debtor shall be immediately paid to Secured Party; and hereafter coming into the Debtor's possession shall be paid to Secured Party immediately upon the Debtor's receipt.

20. The Debtor will not propose a Plan of Reorganization that requires Secured Party to accept less than the full amount that the Debtor owes to Secured Party as of the date of commencement of this case.

21. The Debtor will not seek to surcharge the Secured Party or its collateral with any expenses of the type described in Section 506(c) or 552(b) of the Bankruptcy Code unless it obtained Secured Party's prior written consent to the incurrence of such expenses.

22. The Pre-Petition Agreement is enforceable according to its terms and nothing contained therein is unlawful, unenforceable or violative of any usury or similar statute.

23. An event of default under this Order ("Default") shall include the following:

   a. the Debtor's failure to perform or comply with any of the terms, conditions, or covenants of this Order;

   b. The Debtor's failure to perform or comply with any of the terms, conditions, or covenants of the Pre-Petition Agreement;

   c. A deterioration in the Formula from what it was on the Petition Date;

   d. The termination of this Order by its own terms, operation of law or court order;

   e. The dismissal of this Bankruptcy Case;

   f. The appointment of a trustee under the Bankruptcy Code;

   g. The conversion of the Bankruptcy Case to a case under another chapter of the Bankruptcy Code;

24. Upon the occurrence of a Default, Secured Party shall provide the Debtor written notice of such Default to the Debtor and counsel for the Debtor. If the Default is a type that is not curable, or is curable by the Debtor and the Debtor fails to cure the Default within 24 hours from the time of service of such notice of the Default:

   a. the Debtor shall not seek authority to use any Cash Collateral;

   b. the Debtor shall hold and segregate all Cash Collateral in trust for Secured Party and

   c. Secured Party shall be entitled to an expedited hearing on a motion for immediate relief from the automatic stay under Section 362 within not less than two (2) Court days from the date of the Default, subject to the Court's calendar (the "Stay Relief Motion"). The only issue for

1  consideration by the Court with respect to the Stay Relief Motion is whether a Default has

2  occurred.

3     25. Notwithstanding anything to the contrary contained herein, the proceeds of any advance

4  from Secured Party, shall not be used either: (a) in connection with the investigation, assertion,

5  commencement, or continuation of any action or claim against Secured Party or (b) to object to or

6  contest, or raise any defenses to the validity, perfection, priority, or enforceability of any rights or

7  claims of the Secured Party.

8     26. This Order is without prejudice to Secured Party's rights to pursue any and all rights and

9  remedies under the Bankruptcy Code, the Agreement, and any other applicable agreement or law,

10  including without limitation to seek relief from the automatic stay and/or to seek adequate

11  protection with respect to matters not covered by this Order, to seek an injunction, and/or to object

12  to applications for allowance and/or payment of compensation of professionals employed by the

13  Debtor or its estate.

14     27. The obligations and indebtedness owed under the Pre-Petition Agreement are valid and

15  indefeasible obligations of the Debtor and its estate, in accordance with their terms; and the liens

16  and security interests in favor of Secured Party with respect to the Collateral are valid,

17  enforceable, perfected, and unavoidable under the Bankruptcy Code, including Section 552, and

18  any other applicable law.  This finding is without prejudice to the rights of an Official Committee

19  of Unsecured Creditors and third parties to challenge, that as of the Petition Date, in accordance

20  with the Pre-Petition Agreement, the Debtor was indebted to the Secured Party, without defense,

21  counterclaim, recoupment or setoff, in the aggregate amount of at least the Pre-Petition Obligation

22  secured by a valid, enforceable and properly perfected first priority lien in the collateral described

23  therein.

24     **IT IS SO ORDERED.**

25  ###

26  DATED: January 13, 2011

                              United States Bankruptcy Judge

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
23564 Calabasas Road, Suite 104
Calabasas, CA 91302

A true and correct copy of the foregoing document described <u>INTERIM ORDER APPROVING POST-PETITION FINANCING AGREEMENT, (B) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE TREATMENT, AND (C) MODIFYING AUTOMATIC STAY, PURSUANT TO SECTIONS 362 AND 364 OF THE BANKRUPTCY CODE</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  1/7/11  checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
As an exhibit to the related first day motion:
Lewis R Landau on behalf of Debtor Nurses in Partnership, Inc.
lew@landaunet.com
United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/12/11 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) INTERIM ORDER APPROVING POST-PETITION FINANCING AGREEMENT, (B) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE TREATMENT, AND (C) MODIFYING AUTOMATIC STAY, PURSUANT TO SECTIONS 362 AND 364 OF THE BANKRUPTCY CODE was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 1/12/11, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Bradley D Blakeley on behalf of Creditor Google Inc.
bblakeley@blakeleyllp.com
Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov
Lewis R Landau on behalf of Debtor Nurses in Partnership, Inc.
lew@landaunet.com
United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page